**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**DANIEL DEMAYO, on behalf of himself**
**and others similarly situated**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　Case No:  5:08-CV-528-Oc-PRL

**REEDYS ALL SERVICE, INC., DAVID**
**REEDY and WAYNE REEDY**

    **Defendants.**

## ORDER

This cause is before the Court on Plaintiff's *pro se* Motion for Appointment of U.S. Marshal to Serve Writs of Execution.  (Doc. 35).  Plaintiff originally filed this action against Defendants alleging he was not paid overtime in violation of the Fair Labor Standards Act.  On March 24, 2010, the Court entered final judgment in favor of Plaintiff and against Defendants for a total of $8,000.  (Docs. 25-26).  Plaintiff contends that $6,600 remains unpaid.  As such, Plaintiff filed a Motion for Writ of Execution, asking the Court to issue Writs of Execution against Defendants.  (Doc. 32).  The Court granted Plaintiff's request (Doc. 33) and the Clerk issued the writs (Doc. 34).  In the instant Motion (Doc. 35), Plaintiff asks the Court to appoint a U.S. Marshal to serve the writs on Defendants (presumably, in lieu of having the writs served himself).

It is apparent that Plaintiff is seeking to collect the alleged unpaid Judgment through writs of execution.[1]  However, Plaintiff has <u>not yet</u> served the writs (that were issued by this Court on October 10, 2012) on Defendants.  Indeed, Plaintiff is asking the Court to appoint the U.S. Marshals Service to <u>serve</u> the writs.  It is not uncommon for the U.S. Marshals Service to be used to serve writs of execution.  *See e.g., Morningstar Healthcare, L.L.C. v. Greystone & Co.*, 2008 WL 1897590, at *1 (M.D. Fla. Apr. 28, 2008) (noting that the Clerk issued writs of execution, which were served by the U.S. Marshals Service).  In addition, the U.S. Marshals Service is authorized by statute to collect fees and costs for serving the writs of execution.  *See* 28 U.S.C. § 1921(a)(1)(A).  Thus, while the Court will authorize Plaintiff to use the U.S. Marshals Service to <u>serve</u> the writs, <u>Plaintiff is required to pay the U.S. Marshals Service its fees and costs prior to service of the writs</u>.[2]  Alternatively, Plaintiff may elect to independently obtain service of the writs.

---

[1] Notably, Rule 69(a), Fed. R. Civ. P., provides a mechanism for executing money judgments: "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise."  In addition, "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Fed. R. Civ. P. 69(a).  Accordingly, Fla. Stat. § 56.29, sets forth the procedure for supplementary, post-judgment proceedings in Florida, and imposes two jurisdictional prerequisites for this Court to have jurisdiction: (1) an unsatisfied writ of execution and (2) an affidavit averring that the writ is valid and unsatisfied along with a list of entities to implead.  *Bodywell Nutrition, LLC v. Fortress Systems, LLC*, 846 F. Supp. 2d 1317, 1325 (S.D. Fla. Feb. 21, 2012)*; Morningstar Healthcare, L.L.C. v. Greystone & Co.*, 2008 WL 1897590, at *1 (M.D. Fla. Apr. 28, 2008); *Ortiz v. Santuli Corp.*, 2010 WL 2926517, at *2 (S.D. Fla. July 23, 2010); *Ortiz v. Santuli Corp.*, 2010 WL 1524494, at *1 (S.D. Fla. Apr. 15, 2010); *Allied Industries Intern., Inc. v. AGFA-Gevaert, Inc.*, 688 F. Supp. 1516, 1517 (S.D. Fla. 1988).  Here, however, Plaintiff is not to the point of asking the Court to institute supplementary proceedings; rather, he is simply seeking to collect the Judgment through writs of execution.

[2] Notably, even if Plaintiff was indigent (and proceeding as a *pauper*) – which there is no indication in the record that he is – the plain language of the statute states that "[t]he marshals shall collect, in advance, a deposit to cover the initial expenses . . ."  *See* 28 U.S.C. § 1921(a)(1) and (a)(2).

Upon due consideration, Plaintiff's Motion (Doc. 35) is **GRANTED** to the extent that Plaintiff may use the U.S. Marshals Service to <u>serve</u> the writs.[3] Although the Court is permitting Plaintiff to use the U.S. Marshals Service, Plaintiff **must pay** the U.S. Marshals Service in advance of service. In addition, Plaintiff will need to provide the original writs, a copy of this Order, certified copies of the Judgment, and completed USM-285 forms to the U.S. Marshals Service in advance of service.[4] Once the U.S. Marshals Service receives satisfactory payment and the appropriate documents, the U.S. Marshals Service is authorized to serve the writs.

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Ocala, Florida on April 17, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

    Unrepresented Parties
    Counsel of Record

---

[3] The **Clerk is directed** to return to Plaintiff the original writs (Doc. 34), and provide him the appropriate number of certified copies of the Judgment (Doc. 26), along with a copy of this Order.

[4] The USM-285 "Service of Process by U.S. Marshals" form can be found on the Court's main website, http://www.flmd.uscourts.gov, under the "Forms & Publications" tab.